**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brink's Home Security, Inc., ) | No. CV-06-2365-PHX-LOA |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Caliber Holdings Company, LLC, etc.;) | |
| Platte River Insurance Company, etc, ) | |
| ) | |
| Defendants. ) | |
| ) | |

This is the time set for the Rule 16(b), FED.R.CIV.P., scheduling conference. Plaintiff Brink's Home Security, Inc. ("Brink's") is represented by counsel, Craig J. Bolton. Defendant Caliber Holdings Company LLC ("Caliber") and Defendant Platte River Insurance Company[1] ("Platte River") are represented by counsel, Christopher J. Charles. Court reporter is not present.

All parties, including Platte River, have heretofore consented to magistrate judge jurisdiction pursuant to 28 U.S.C. §636(c). (docket # 18)  Pursuant to the parties' discussions with the Court today and the various deadlines in their Rule 26(f) Joint Case Management Plan, titled Joint Pretrial Conference Report (docket # 24), filed on March 8, 2007, the Court

---

[1] Defense counsel advises that Caliber has recently accepted Platte River's tender of defense and that he will be representing the interests of Platte River in this litigation. Defense counsel is directed to file a formal Notice confirming his representation within seven calendar days.

will set the various deadlines for the judicial management of this case.

**IT IS ORDERED** that the parties, by and through their counsel, shall comply with the following deadlines which were agreed to by all counsel. Stipulations extending the time for the doing of any act required by the Court or the Rules of Civil Procedure will be treated as a joint motion subject to Court approval. LRCiv. 7.3; *Gestetner Corp. v. Case Equipment Company*, 108 F.R.D. 138 (D. Maine 1985)(good cause not shown to amend scheduling order); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir.1994)("[F]ederal Rule of Civil Procedure 16 is to be taken seriously []"). These **deadlines are real**. The parties are advised that the Court intends to enforce the deadlines set forth in this Order and should plan their litigation activities accordingly. *Hostnut.Com, Inc.v. Go Daddy Software, Inc.*, 2006 WL 2573201 *1 (D. Ariz. 2006). Continuances of these deadlines may be granted only upon a showing of good cause and by leave of the assigned trial judge. Settlement negotiations do not constitute good cause.

1. The parties confirm that they have made their Rule 26(a) initial disclosures on or before **January 18, 2007**.

2. Filing motions to amend pleadings and motions to join additional parties by **April 30, 2007**.[2]

2. Because the Court believes that staggered expert disclosure is more fair and will less likely result in requests for a modification of these deadlines, Plaintiff's disclosure of expert testimony and reports required under Rule 26(a)(2)(B), Fed.R.Civ.P. shall be made

---

[2] *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir.1992) (once scheduling order is filed pursuant to Rule 16(b), the good cause standard controls over the Rule 15(a) standard). In *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1294 (9th Cir. 2000), the Ninth Circuit stated:

> Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings. In this case, however, the district court correctly found that it should address the issue under Federal Rule of Civil Procedure 16 because it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend.

1  by **July 13, 2007.**  Defendants' disclosures of expert testimony and reports required under
2  Rule 26(a)(2)(B), Fed.R.Civ.P., shall be made by **August 31, 2007.**  Plaintiff's disclosure of
3  true rebuttal expert testimony and reports solely to contradict or rebut evidence as required
4  under Rule 26(a)(2)(C), Fed.R.Civ.P., shall be made by **September 28, 2007**.

5  Each testifying expert witness (regardless of whether such expert witness has or
6  has not been specifically retained for this case, such as, a treating physician, or if the expert
7  is an employee of the calling party) shall provide a written report to the adverse party as
8  required by Rule 26(a)(2)(B). *Minnesota Mining and Manufacturing Co. v. Signtech USA,*
9  *Ltd.*, 177 F.R.D. 459 (D. Minn. 1998).

10  No expert witness not timely disclosed will be permitted to testify unless the party
11  offering such witness demonstrates: (a) that the necessity of such expert witness could not
12  have been reasonably anticipated at the time of the deadline for disclosing such expert
13  witness; (b) the Court and opposing counsel or unrepresented party were promptly notified
14  upon discovery of such expert witness; and (c) that such expert witness was promptly
15  proffered for deposition. *Wong v. Regents of the University of California*, 379 F.3d. 1097 (9th
16  Cir. 2004); Rule 37(c)(1), FED.R.CIV.P.

17  3. Disclosure of all known witnesses, exhibits and other matters under Rule
18  26(a)(3), Fed.R.Civ. P. and supplementation of all discovery pursuant to Rule 26(e),
19  Fed.R.Civ. P. by **October 31, 2007**.[3]

20  4. Completion of all discovery: **November 30, 2007**.

21  5. Filing dispositive motion(s) on or before **January 25, 2008**.  A Cross-motion
22  for summary judgment may be filed **within 30 days** of the adverse party's dispositive motion;

---

[3] The parties are on notice that this order supercedes the "30 day before trial" disclosure deadline contained in FRCP 26(a)(3). Therefore, failure to timely supplement pursuant to Rule 26(e), including attempts to include witnesses and exhibits in the Proposed Final Pretrial Order or at trial that were not previously disclosed in a timely manner may result in the exclusion of such evidence at trial or the imposition of other sanctions including dismissal and the imposition of default pursuant to FRCP 37, the Local Rules of Civil Procedure of the District Court, and the inherent power of the Court.

1  provided, however, such motion is **solely** related to the specific issue(s) directly raised in the
2  initial dispositive motion(s). Absent express prior leave of the Court, each side shall be
3  entitled to file only one motion for summary judgment that complies in all respects to the
4  Local Rules.

5        Pursuant to stipulation and good cause appearing,

6        Pursuant to Rule 5(b)(2)(D), FED.R.CIV.P. and this Court's adoption of rules
7  regarding electronic filing, the parties consent and agree that service under Rule 5(a) may be
8  obtained on the other party by delivering a copy of the document by electronic means. Service
9  by electronic means is complete upon transmission. Counsel also advise the Court that they
10 are registered and will comply with the District Court's Case Management/Electronic Case
11 Filing ("CM/ECF") Administrative Policies and Procedures Manual. See the District Court's
12 website (www.azd.uscourts.gov) and click onto the CM/ECF link for the details of the District
13 Court's electronic filing system.

14       The Court and counsel also generally discuss issues relating to the preservation,
15 production and privilege of electronically stored information, including the form or forms in
16 which it should be produced. See amendments to Fed. Civil Rules of Proc. 16(b)(5), 26(f)(3),
17 33, 34, 37 and 45, effective December 1, 2006; Dawn M. Bergin, *New Federal Rules on E-*
18 *Discovery - Help or Hindrance?,* Arizona Attorney, December, 2006, pp. 22 - 28; Anthony
19 J. Battaglia, *Dealing With Electronically Stored Information: Preservation, Production And*
20 *Privilege*, The Federal lawyer, May, 2006, pp. 26 - 31. Counsel expressly indicate no
21 concerns about any such issues at this time.

22       Counsel are hereby advised that the Court has various audio/visual equipment
23 available for use at an evidentiary hearing or trial at no cost to the Bar.  This equipment
24 includes an evidence presentation system, which consists of a document camera, digital
25 projector, and screen.  The projector may be used to display images which originate from a
26 variety of sources, including television, VCR, and personal computer.  The document
27 camera may be used to display documents, photographs, charts, transparencies, and small
28 objects.  For further information please contact the Court's A/V Specialist, Brian Lalley, at

1   (602) 322-7131.

2       **IT IS FURTHER ORDERED** that the Court may set an another Rule 16(b)
3   Scheduling Conference after the Court's ruling on all dispositive motions; after completion
4   of all discovery, if no dispositive motion is timely filed; or upon written request from any
5   party to discuss the setting of a trial and all issues related thereto, i.e. the length and times
6   of trial, motions in *limine*, *Daubert* hearings, etc.  Counsel shall bring their calendars with
7   them to this conference.

8       **IT IS FURTHER ORDERED** that the parties shall keep the Court apprized of
9   the possibility of settlement and should settlement be reached, the parties shall immediately
10  file a Notice of Settlement with the Clerk of the Court with a copy to this Court's chambers.
11  LRCiv 40.2(d).  This Court views compliance with the provisions of this Order as critical to
12  its case management responsibilities and the responsibilities of the parties under Rule 1 of
13  the Federal Rules of Civil Procedure.

14      The parties are advised that when sufficient information and discovery have
15  been disclosed between the parties to fairly evaluate the strengths and weaknesses of the
16  claims and defenses alleged in this case, a settlement conference before another U.S.
17  magistrate judge may be requested. Delay in requesting, scheduling or concluding a
18  settlement conference or settlement negotiations does not constitute good cause to continue
19  or extend the deadlines set herein.

20      **IT IS FURTHER ORDERED** that since the case will be tried to the Court,
21  rather than to a jury, in addition to filing a Proposed Joint Final Pretrial Order, each party
22  shall submit proposed findings of fact and conclusions of law in concise with separately
23  numbered paragraphs by the same date the Proposed Joint Final Pretrial Order is due.
24  These proposed findings of fact and conclusions of law shall be submitted in both written
25  form and on an IBM-compatible computer disk in WordPerfect® 9.0 format.

26      **IT IS FURTHER ORDERED** that all counsel shall hereinafter comply with the
27  Rules of Practice for the United States District Court for the District of Arizona, as
28  amended on December 1, 2006.  The District's Rules of Practice may be found on the

- 5 -

District Court's internet web page at www.azd.uscourts.gov/. All other rules may be found at www.uscourts.gov/rules/. Counsel are also reminded of certification to comply with the Standards of Professional Conduct with their admission to practice in this District Court. The Standards of Professional Conduct are located on the District's website, click on link "Attorney Information," and then click on link "Attorney Admissions Information."

**IT IS FURTHER ORDERED** that counsel shall use the above caption, case number and initials on all future pleadings and documents filed herein.

DATED this 12th day of March, 2007.

Lawrence O. Anderson
United States Magistrate Judge